UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA PERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE AMERICAN NATIONAL RED CROSS, et al.,<br><br>　　　　Defendants. | Case No. 4:24-cv-05411-KAW<br><br>CASE MANAGEMENT AND PRETRIAL ORDER FOR HYBRID BENCH AND JURY TRIAL |

1. TRIAL DATE

   a. A hybrid bench and jury trial[1] will begin on March 23, 2026 at 9:00 a.m. at the U.S. District Court, 1301 Clay Street, Oakland, California. For courtroom number and floor information, please check the Court's on-line calendar at www.cand.uscourts.gov/judgeswkcal one week prior to trial or call Judge Westmore's Courtroom Deputy at (510) 637-3525.

   b. The length of the trial will be no more than 7 days. The Court may shorten the allotted time as it deems appropriate and may also allocate a fixed number of hours for each side. Court hours for trial are normally 9:00 a.m. to 3:00 p.m., subject to the Court's availability.

2. DISCOVERY AND EXPERT DISCLOSURES

   a. All non-expert discovery shall be completed by October 3, 2025.

   b. Experts shall be disclosed and reports provided by August 8, 2025.

   c. Rebuttal experts shall be disclosed and reports provided by September 5, 2025.

   d. All discovery from experts shall be completed by October 3, 2025.

3. PRETRIAL MOTIONS

   a. The last day for hearing dispositive motions shall be December 4, 2025.

---

[1] In the event that Plaintiff waives her right to a jury trial against the individual defendants, the trial will proceed by bench trial.

    b.    Only one summary judgment motion may be filed by each side, absent leave of court. Leave of court may be sought if multiple parties comprise one or both sides. Leave of court may be obtained by filing a motion for administrative relief pursuant to Civ. L. R. 7-11, or by requesting a case management conference or informal telephone conference.

    c.    Separate statements of undisputed facts in support of or in opposition to motions for summary judgment shall NOT be filed. See Civil L. R. 56-2. The parties may file a truly joint statement of undisputed facts only if all parties agree that the facts are undisputed.

    d.    Objections to evidence may no longer be filed separately but must be contained within the opposition or reply brief or memorandum. Civil L. R. 7-3.

    e.    Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority that the party requests the court to adopt.

    f.    Chambers copies of each electronically-filed dispositive motion must include on each page the running header created by the ECF system and must be delivered to the Clerk's Office by noon the day following its filing. All documents must be stapled or bound by a two-pronged fastener, and all exhibits to declarations or requests for judicial notice must be tabbed.

    g.    In addition, counsel shall email copies of all motions for summary judgment in standard Word format (.doc or .docx, and not .pdf format) to kawpo@cand.uscourts.gov.

4. <u>LAST DAY TO AMEND PLEADINGS</u>

The last day to seek leave to amend the pleadings was January 21, 2025.

5. <u>ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE</u>

The parties are ordered to participate in mediation through the Northern District ADR program, which shall be completed within by September 15, 2025, or as soon thereafter as is

convenient to the mediator's calendar.

6. PRETRIAL CONFERENCE

    a. A pretrial conference shall be held on March 11, 2026 at 2:00 p.m. Lead counsel who will try the case (or the party if pro se) must attend. The timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be governed by this order.

    b. By January 27, 2026, lead counsel shall meet and confer regarding:

        (1) Preparation and content of the joint pretrial conference statement;

        (2) Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

        (3) Preparation and content of a joint statement of claims and defenses and a statement of stipulated facts, as further discussed in paragraph 6 below;

        (4) Preparation and exchange of proposed findings of fact and conclusions of law, as further discussed in paragraph 7 below; and

        (5) Settlement of the action.

    c. By February 3, 2026, counsel and/or parties shall:

        (1) Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

            (a) *The Action.*

                (i) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

                (ii) Relief Prayed. A detailed statement of all the relief claims, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

            (b) *The Factual Basis of the Action.*

CASE MANAGEMENT & PRETRIAL ORDER FOR HYBRID BENCH & JURY TRIAL

3

(i) <u>Undisputed Facts</u>.  A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(ii) <u>Disputed Factual Issues</u>.  A plain and concise statement of all disputed factual issues which remain to be decided.

(iii) <u>Agreed Statement</u>.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(iv) <u>Stipulations</u>.  A statement of stipulations requested or proposed for pretrial or trial purposes.

(c) *Disputed Legal Issues.*

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions.

(d) *Trial Preparation.*

(i) <u>Witnesses to Be Called</u>.  With regard to witnesses disclosed pursuant to Federal Civil Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

(ii) <u>Estimate of Trial Time</u>.  An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

(iii) <u>Use of Discovery Responses</u>.  Designate excerpts from

discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission.

    (e) *Trial Alternatives and Options.*

        (i) <u>Settlement Discussion</u>.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

        (ii) <u>Amendments, Dismissals</u>.  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

    (f) *Miscellaneous.*
Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2) Serve and file trial briefs (not to exceed 25 pages), which shall specify each cause of action and defense remaining to be tried along with a statement of the applicable legal standard (no opposition shall be filed);

(3) Serve and file no more than ten motions *in limine*, which shall be filed in one document not to exceed 25 pages;

(4) Serve and file an exhibit setting forth the qualifications and experience for each expert witness;

(5) Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

(6) Serve and file a list of each party's proposed excerpts from discovery that will be offered at trial;

(7) In the event that Plaintiff's claims against the individual defendants proceeds as a jury trial, the parties must file the following **jointly** prepared documents:

(a) Ten case-specific questions for the electronic jury questionnaire (further discussed below);

(b) No more than 15 voir dire questions for the Court to ask jurors;

(c) Jury instructions, arranged in the order the parties propose the Court to give the instructions. The parties should use the Ninth Circuit Model Jury Instructions to the fullest extent possible. Modified and "custom" proposed instructions are discouraged. If offered, they must be clearly identified as such.

(i) If undisputed, an instruction shall be identified as "Stipulated Instruction No. __ re ____," with the blanks filled in as appropriate.

(ii) If disputed, each party's proposed version of the instruction shall be inserted together, back-to-back, in their logical place in the overall sequence. A disputed instruction shall be identified as "Disputed Instruction No. ___ re _____ offered by _____," with the blanks filled in as appropriate. All disputed versions of the same basic instruction shall bear the same number. If a party does not have a counter-version and simply contends that no such instruction should be given, that party should so state on a separate page inserted in lieu of an alternate version. Following each set of competing versions of a disputed instruction, each party shall explain, in no more than two pages, why the Court should give that party's proposed instruction or why an instruction

CASE MANAGEMENT & PRETRIAL ORDER FOR HYBRID BENCH & JURY TRIAL

6

|   |   |
|---|---|
| 1 | should not be given at all.  **Citations with pin cites are** |
| 2 | **required**.  The parties are required to meet and confer in |
| 3 | good faith to keep disputed instructions to a minimum. |
| 4 | Unilateral or separate submissions will be stricken. |

         (iii)    The following jury instructions from the <u>Ninth Circuit Manual of Model Civil Jury Instructions</u> (available on the Ninth Circuit website at *http://www.ce9.uscourts.gov*) shall be given absent objection:  1.2, 1.5, 1.9-1.18, 1.20, 2.13, 3.1-3.3, 3.5.  The Court will also give the attached "Unconscious Bias" instruction absent objection.  Do not submit duplicates of those instructions listed above except as to 1.5, which includes a brief summary of the parties' respective positions.

   (d)    Verdict form.  If the parties cannot agree, the parties may separately provide their respective proposals.

(8)    The parties shall lodge <u>two</u> sets of all pretrial filings (1-7, above) to the Oakland Clerk's Office within one court day of filing. The filings must be contained in a binder, separated by tabs labelled with the name of the filing (i.e., joint pretrial statement, trial brief, excerpts of discovery, etc.).  The parties shall also deliver a flash drive of all pre-marked exhibits and discovery excerpts (including deposition testimony or admission) to the Oakland Clerk's Office.  Each exhibit must be its own individual file, labeled by Exhibit #, and Brief Description, *e.g.*, Exh. 5, May 5, 2025 Contract.  The exhibits shall be labeled in the lower right-hand corner with the exhibit number in a prominent, bold typeface.

(9)    The parties shall exchange pre-marked exhibits.  Plaintiff shall use numbers (1, 2, 3, etc.) and defendant shall use numbers preceded by a letter (A-1, A-2, A-3, etc.). Additional parties shall also use a letter preceding numbers (B-

1, B-2, B-3, or C-1, C-2, C-3, etc.);

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not timely disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court absent leave of the Court and for good cause shown. Furthermore, all parties are reminded of their disclosure duties under Federal Rule of Civil Procedure 26. Any document or witness that should have been disclosed under Rule 26 will not be introduced at trial.

  d. By February 13, 2026, counsel and/or parties shall file any opposition to a motion *in limine*. No replies to motions in limine shall be filed. The parties shall lodge <u>two</u> sets of their oppositions to the Oakland Clerk's Office within one court day of filing.

  e. By February 20, 2026, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall **jointly** file:

    (1) Exhibit objections.

      (a) Each party shall identify no more than fifteen (15) of the opposing party's exhibits for which the submitting party seeks rulings on objections prior to trial. A party may identify an exhibit that it believes is critical to the case or an exhibit that it believes is representative of other exhibits, such that the identified exhibit will provide a bellwether as to how the Court will rule on other exhibits. The objecting party must include a robust explanation for the objection, which shall be no more than two pages. For example, it is insufficient to state that an exhibit is hearsay; the party must explain how the exhibit constitutes impermissible hearsay. The objection and explanation shall be no more than two pages.

      (b) Immediately following the objection shall be the opposing party's response. The response shall be no more than two pages.

      (c) At the end of the joint submission, the parties shall include a declaration, signed by lead counsel, under penalty of perjury, stating

that they have attempted to resolve the objections in good faith.

  (d) The parties shall attach a copy of the exhibits at issue to the joint submission.

 (2) Objections and responses to objections regarding witnesses and excerpts of depositions and other discovery. The objections and responses must be supported by legal authority and analysis.

 (3) The parties shall lodge <u>two</u> sets of these joint filings to the Oakland Clerk's Office within one court day of filing. The filings must be contained in a binder, separated by tabs (i.e., exhibit objections (with each exhibit at issue tabbed with the <u>exhibit</u> number), witness objections, etc.).

 e. All motions shall be heard at the pretrial conference unless otherwise ordered.

7. <u>JUROR QUESTIONNAIRE</u>

 a. The Court currently issues an electronic questionnaire, which includes standard juror questions and up to ten additional case-specific questions. The standard questionnaire (or similar) is provided to the venire members, to be answered online. The standard questionnaire may be found in the "Attorney Quick Links," on https://www.cand.uscourts.gov/attorneys/. Additionally, the parties may include up to ten additional case-specific questions. The parties should determine whether they prefer responses to be provided either in the form of: (1) a "no" and "if yes, please explain" comment box, or (2) a comment box. Examples of these options are

1. Do you or any close family members or friends have experience working in education?  ○

○ No

○ If yes, please explain.

[          ]

2. Do you or any close family members or friends have experience working in education?  ○

[          ]

CASE MANAGEMENT & PRETRIAL ORDER FOR HYBRID BENCH & JURY TRIAL
9

1 shown below:

2  b. Responses to the electronic questionnaire are provided to counsel prior to jury
3 selection. The Court will typically schedule a conference prior to jury selection to review
4 questionnaire responses and discuss jurors who should be excused for cause. During voir dire, the
5 Court does not intend to re-ask questions that potential jurors have already been asked in the
6 electronic questionnaire; this does not preclude following up on particular answers. Counsel
7 should submit an agreed upon set of additional voir dire questions to be posed by the Court. Any
8 voir dire questions on which counsel cannot agree may be submitted separately. Counsel shall be
9 allowed brief follow-up voir dire after the Court's questioning.

10 8. For the portion of the case that proceeds via bench trial, the parties shall serve and file the
11 following filings by March 16, 2026, seven (7) days prior to the start of trial:

12  a. <u>Joint Statement of Claims and Defenses</u>. The joint statement shall identify each
13 claim for relief, a brief statement of the factual basis for the claim, the elements of the claim, the
14 burden and standard of proof, and whether the parties have any disagreements as to the elements,
15 burden, and/or standard of proof.

16  b. <u>Proposed Findings of Facts and Conclusions of Law</u>. The proposed findings shall
17 be in a chart form that identifies the source of the finding (*e.g.*, exhibit number or anticipated
18 testimony) and cross references the elements of proof identified in the joint statement of claims
19 and defenses. Following the bench trial, the parties will be required to provide a redlined version
20 that reflects what was presented at trial.

21  c. <u>Joint Statement of Stipulated Facts</u>. The statement of stipulated facts shall be
22 numbered.

23 ///
24 ///
25 ///

1  9.  In addition to electronic filing, Counsel shall email copies of all motions *in limine*, trial briefs, proposed jury instructions, verdict form, the joint statement of claims and defenses, proposed findings of fact and conclusions of law, and the joint statement of stipulated facts in standard Word format (.doc or .docx, not .pdf format) to kawpo@cand.uscourts.gov.

10. <u>Bench copy</u>: Two bench binders containing a copy of each side's exhibits must be provided to the Court on the first day of trial.  Each exhibit must be separated with a label divider.

11. <u>SUMMARY OF DATES</u>

| | |
|---|---|
| Trial | March 23, 2026 |
| Joint Statement of Claims and Defenses; Proposed Findings of Fact and Conclusions of Law; Joint Statement of Stipulated Facts | March 16, 2026 |
| Pretrial Conference | March 11, 2026 |
| Joint Evidentiary Objections and Responses | February 20, 2026 |
| Oppositions to Motions in Limine | February 13, 2026 |
| Joint Pretrial Statement; Motions in Limine | February 3, 2026 |
| Meet and Confer | January 27, 2026 |
| Last Day to Hear Dispositive Motions | December 4, 2026 |
| Close of Expert Discovery | October 31, 2025 |
| Rebuttal Expert Disclosure and Reports Provided | September 5, 2025 |
| Expert Disclosure and Reports Provided | August 8, 2025 |
| Non-Expert Discovery Cut-off | October 3, 2025 |
| ADR Completion | September 15, 2025 |
| Last Day to Amend Complaint | January 21, 2025 |

A further Case Management Conference is scheduled for October 14, 2025 at 1:30 p.m.

IT IS SO ORDERED.

Dated: August 8, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge

CASE MANAGEMENT & PRETRIAL ORDER FOR HYBRID BENCH & JURY TRIAL
11

### **UNCONSCIOUS BIAS JURY INSTRUCTION**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, disabled or abled, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.