UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| BRENDA PERRY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN RED CROSS, a corporation doing business in California; AMERICAN NATIONAL RED CROSS, a corporation doing business in California; AMERICAN RED CROSS OF CALIFORNIA; KERRY MORRIS, an individual, and SHEILA SNOWDEN, an individual, DOES 1 through 100,<br><br>　　　　Defendants. | Case No. 4:24-cv-05411-KAW<br><br>[Assigned to: Magistrate Judge Kandis A. Westmore]<br><br>[PROPOSED] ORDER GRANTING JOINT STIPULATION FOR ORDER OF MENTAL EXAMINATION OF PLAINTIFF BRENDA PERRY<br><br>*[Filed concurrently with: (1) Joint Stipulation for Order of Mental Examination of Plaintiff Brenda Perry, dated September 25, 2025]* |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**GOOD CAUSE APPEARING**, this Court hereby grants Defendants THE AMERICAN NATIONAL RED CROSS, KERRY MORRIS, and SHEILA SNOWDEN and Plaintiff BRENDA PERRY's (collectively "the Parties") Joint Stipulation For Order of Menal Examination of Plaintiff Brenda Perry:

1. Plaintiff is ordered to appear for a psychiatric examination to be conducted by Dr. Holliday, remotely via video conference, on October 11, 2025 starting at 9:00 a.m.

2. Plaintiff shall not submit to "lab studies, x-ray studies or other films studies," and no physical testing, invasive, dangerous, painful or intrusive diagnostic tests shall be permitted. The examination will be exclusively conducted for the purpose of determining, evaluating, and assessing Plaintiff's mental condition and claims of emotional injury in controversy in this action.

3. The examination will include a clinical interview, which may be followed by psychological testing as identified in this stipulation. The total time for the examination, including interview and testing, will be up to 8 hours. Plaintiff shall be provided with breaks, as necessary and as determined by her, for her comfort.

4. The clinical interview will include topics relevant to a comprehensive psychiatric evaluation, including, but not limited to: inquiry into Plaintiff's employment with Defendant The American National Red Cross experiences Plaintiff regards as traumatic and/or stressors Plaintiff identifies as having experienced throughout her life that may have contributed to or caused the emotional distress as detailed in Plaintiff's Complaint for Damages, Plaintiff's family life, interpersonal relationships, as well as relevant social and medical history. Nothing herein shall be construed as a waiver of Plaintiff or her family's privacy rights, medical privacy rights, doctor-patient privileges, and/or psychotherapist patient privileges. Nothing herein shall be construed as a waiver of Plaintiff's right to challenge the admissibility or appropriateness of any opinion or contention.

5. Dr. Holliday may inquire about symptoms Plaintiff reported to her health providers relevant to Plaintiff's Operative Complaint for Damages or any stressors or symptoms Plaintiff identifies during the examination.

///

6. Any questions related to Plaintiff's sexual history will be limited to whether or not she has been victimized by sexual violence; the date that Plaintiff was victimized by sexual violence; impact of sexual violence as it relates to mental health symptoms or disorders, whether Plaintiff sought medical treatment or therapy as a result of sexual violence. This does not limit general questions about Plaintiff's dating history, romantic relationships, or plans and ideals about relationships.

7. During the second part of the evaluation, Dr. Holliday may administer to Plaintiff the following written psychological tests: the Minnesota Multiphasic Personality Inventory-3 (MMPI-3), PCL-5, GAD7, PHQ9, TSI, and the Millon Clinical Multiaxial Inventory-IV (MCMI-IV). The raw data will be produced to Plaintiff's counsel in accordance with the final paragraph of this stipulation.

8. Dr. Holliday shall not question Plaintiff about conversations between Plaintiff and her legal counsel.

9. At their option, Plaintiff or Dr. Holliday may audio record the entirety of the clinical interview and psychological testing, including both Dr. Holliday's questions and Plaintiff's responses. The examination shall not be video recorded.

10. The only persons present during the examination will be Dr. Holliday and Plaintiff. No other individuals – including Plaintiff's counsel, Defendants' counsel, or any representative of Dr. Holliday, or any of Plaintiff's friends, family members, or acquaintances – may be present, either physically, via phone, or by remote appearance.

11. The only written documents that Plaintiff will be required to complete will be the psychological testing documents. Plaintiff will not be required to complete any intake sheets, background information forms, or other documents.

12. Any information acquired or learned in violation of this agreement will not be admissible in evidence for any reason. The parties further agree that the court may, upon motion at trial, strike, preclude, or limit any testimony of the examiner in the event it finds that the examiner was not informed of, or willfully violated, the terms of this agreement in the material manner.

///

1  13. Defendants will provide a copy of this fully-executed stipulation to Dr. Holliday for review prior to the examination.

14. Plaintiff will be responsible for Dr. Holliday's cancellation fee of $6,000 should Plaintiff fail to appear as scheduled or fail to cancel the appointment with at least 24-hours' notice. Reasonable documented exceptions to the cancellation fee, such family/medical emergencies are acceptable.

15. The parties agree to a simultaneous exchange, by October 11, 2025, of all of all written communications between Plaintiff and Dr. Holliday, including but not limited to, all written tests, written test questions, all of Plaintiff's written answers, and all scoring of all tests. By the close of business on October 11, 2025, Dr. Holliday shall produce her entire file in this case through defense counsel.

IT IS SO ORDERED.

Date: October 2, 2025

_____
Magistrate Judge Kandis A. Westmore